IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| REINKE MANUFACTURING COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BARKSDALE, INC. d/b/a BARKSDALE CONTROL PRODUCTS, <br><br> Defendant. | CASE NO. 4:15-CV-03072 <br><br> **STIPULATED PROTECTIVE ORDER** |

      The conduct of this Action may involve disclosure of confidential and constitutionally protected private, business, and financial information. This Protective Order ("Protective Order") therefore is entered into pursuant to Federal Rule of Civil Procedure 26(c) to protect against unauthorized disclosure of such information, which could cause serious and irreparable harm to the producing party or witness, and to ensure that such information will be used only for purposes of this Action. The parties agree that such information, including electronically stored information, should be given the protection of an order of this Court.

      It is therefore, for good cause shown, ordered, adjudged and decreed that the following Protective Order shall govern this Action:

      1.     Any party to this litigation and any third-party producing information, documents, or things in this Action shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, initial disclosure, interrogatory answer, admission, pleading or testimony, or portion thereof that: (a) contains competitively sensitive technical, marketing, financial, sales or other confidential business information, including without

limitation trade secrets; (b) contains private or confidential personal information; (c) contains information received in confidence from third parties; or (d) the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party producing or disclosing any such material in this Action, including without limitation any information, document, thing, initial disclosures, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential Material").

  2. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 herein, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

  3. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The named parties to this Action or their officers, directors, and

employees, all of whom have agreed to be bound and are bound by the terms of this Order;

  e. Any deponent or person from whom testimony is being taken, has been taken, or is reasonably expected to be taken in this Action (whether in deposition or at trial), provided that, if they are not a party to this Action or an employee or representative of a party to this Action, they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  f. The Court and court personnel; and

  g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or focus group or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

4. Confidential Material received by a party in this Action shall be used only by individuals permitted access to it under Paragraph 3 and only for purposes of this Action. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential Material of a party to this Action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be

designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential Material, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 3.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall identify the documents or information in question. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute in accordance with the procedures relating to

resolution of discovery disputes as set forth in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nebraska, and any Orders of the Court in this Action. The document or information that is the subject of the filing shall be treated as being governed by its original designation pending resolution of the dispute.

7. All filings with the Court that quote or directly or indirectly reveal the content of Confidential Material shall be filed as Restricted Documents pursuant to the NECivR 5.3(c), without the need for any additional Motion or Order. All disclosures, discovery responses, and other documents that quote or directly or indirectly reveal the content of Confidential Material shall be treated as Confidential Material, the same as the information that they quote or directly or indirectly reveal.

8. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Material, it may do so only after giving notice to the producing party and as directed by the Court.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as

Confidential Material under this Protective Order.

10. Pursuant to Federal Rules of Evidence 502(b), 502(c), and 502(d) and Federal Rule of Civil Procedure 26(b)(5), the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or work-product immunity on a basis other than waiver.

11. No information that is in the public domain, or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source (other than the party asserting confidentiality) rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Protective Order. Nothing herein shall be construed to limit in any way either party's s use of its own Confidential Material.

12. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

13. This Protective Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14. Within 120 days after final conclusion of this Action, each party or other individual subject to the terms hereof shall, upon the request of the producing party, be under an obligation to certify, under oath, that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material. Notwithstanding anything to the contrary, counsel of record for the parties may retain copies of

documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. To the extent a party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

Upon the court's review of the parties' discovery agreement, (as set forth above), including their agreement regarding the application of Rule 502 to their discovery processes,

IT IS ORDERED:

In accordance with Rule 502(d) and (e) of the Federal Rules of Evidence and the authority granted therein, the terms of the parties' discovery agreement are hereby ordered and enforceable against the parties herein and all persons in federal and state proceedings, including third parties.

March 24, 2016.                                      BY THE COURT:

_____
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the attached Protective Order Regarding Confidentiality that was issued by the United States District Court for the District of Nebraska in Case Number 4:15-CV-03072. I agree to comply with and to be bound by all the terms of that Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly agree that I will not disclose in any manner any information or item that is subject to that Order to any person or entity except in strict compliance with the provisions of that Order.

I further hereby agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of that Order, even if such enforcement proceedings occur after termination of the lawsuits listed above.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____